UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT McCRUDDEN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, et al., : <br> : <br> Defendants. : <br> _____: | Civ. No. 14-3532 (RBK) (AMD) <br><br> OPINION |

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODUCTION

Plaintiff was a federal prisoner incarcerated at the Federal Correctional Institution at Fort Dix in Fort Dix, New Jersey ("F.C.I. Fort Dix"). He filed a signed civil rights complaint pursuant to 42 U.S.C. § 1983 on July 17, 2014. (ECF No. 11.)

On July 13, 2015, Defendant the United States of America, the Department of Justice ("DOJ"), the Bureau of Prisons ("BOP"), the Federal Bureau of Investigation ("FBI"), Warden Donna Zickefoose, and Lieutenant Anderson (collectively, "Defendants") filed the current partial motion to dismiss Plaintiff's Complaint. (ECF No. 23.) On September 1, 2015, Plaintiff filed a Response in Opposition to Defendants' motion. (ECF No. 24.) Lastly, Defendants filed a Reply Brief in response to Plaintiff's Response on September 8, 2015. (ECF No. 25.)

For the following reasons, Defendants' partial motion to dismiss will be granted in full.

### II. BACKGROUND

Plaintiff alleges that, on August 31, 2012, he was "assaulted, beaten, and verbally abused" by Defendant Anderson and four unknown correction officers. (ECF No. 11 at 3.) Specifically, Plaintiff alleges that he exchanged his ID card for a basketball in his unit. After

shooting baskets, he was returning to his unit when he was stopped by Corrections Officer Harrell ("Harrell"). Harrell asked Plaintiff where he got the basketball and instructed Plaintiff to get rid of it immediately. Plaintiff informed Harrell that it was from his unit, to which Harrell replied "you're a fucking liar." (*Id*. at 10.) Harrell then took Plaintiff to Defendant Anderson's office, convinced that Plaintiff was being insubordinate. Upon entering Defendant Anderson's office, Harrell formulated lies, saying "I have a problem with this inmate. He stole a basketball, disobeyed a direct order, and treated me disrespectfully." (*Id*.) At that point, Plaintiff concedes that he "laughed" out loud, triggering Defendant Anderson's "aggressive" response. (*Id*.) Plaintiff was then "roughed up," handcuffed, yelled at, and threatened with solitary confinement before ultimately being sent back to his cell. Plaintiff suffered "abrasions on [his] nose, cheek and knee…cut [his] inside lower lip…[and his] right shoulder was in excruciating pain." (*Id*. at 12.) Because no medical services are offered on the weekends, Plaintiff was "basically denied medical care" for his injuries. (*Id*.)

Defendants move to dismiss the following claims pursuant to Federal Rule of Civil Procedure § 12(b)(6.

### III. CLAIMS

Plaintiff brings the following claims against Defendants:

Count One: Violation of the Federal Tort Claims Act;
Count Two: Deliberate Indifference to Serious Medical Needs and Excessive Force under 42 U.S.C. § 1983; and
Count Three: Violation of the Admission and Orientation Inmate Handbook.

### IV. STANDARD OF REVIEW

A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

2

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" under Rule 8(a)(2). *Id*. at 679.

B. Section 1983 Actions/*Bivens*

   A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…

*See* 42 U.S.C. § 1983.

   Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The federal corollary to § 1983 is *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), which implies a cause of action for damages against federal agents who allegedly violated the Constitution. As with § 1983 claims, *Bivens* actions

cannot be brought against federal agencies, only federal agents. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 472 (1994).

### IV. DISCUSSION

A. Plaintiff's FTCA Claims against all Named and Agency Defendants are Dismissed with Prejudice and are Dismissed without Prejudice as to the United States.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, "operates as a limited waiver of the United States' sovereign immunity." *White-Square v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA allows claims against the United States for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Here, Defendants argue that the United States is the only proper defendant in an FTCA action and thus the action must be dismissed as to all other Defendants. The Court agrees. *See F.D.I.C.,* 510 U.S. at 476 (holding a federal agency cannot be sued in its own name); *CNA v. United States*, 535 F.3d 132, 138 (3d Cir. 2008) (noting that the Government is the only proper defendant in an FTCA case). Because an action cannot be maintained under the FTCA against any defendant other than the United States, Plaintiff's Count One is dismissed with prejudice as to Defendants Anderson, Zickefoose, BOP, DOJ, and FBI. Also, as Defendant United States' alleged misconduct occurred in New Jersey, New Jersey tort law applies to Plaintiff's claims under the FTCA. *See Ciccarone v. United States*, 486 F.2d 253, 257 (3d Cir. 1973).

Plaintiff claims, specifically, that BOP employees "assaulted, beaten, verbally abused, and threatened" him on August 31, 2012. (ECF No. 11 ¶ 18.) Plaintiff also claims that both the BOP and FBI "refused to investigate" his allegations and denied him assistance repeatedly. (*Id*. ¶¶ 35-37.) Defendant United States argues that Plaintiff's FTCA claim must only be proceeded against it on the state law torts of assault and battery, and not on the claim of failure to investigate. (*See* ECF No. 23-1 at 15-16.) There is, indeed, no common law tort for failure to investigate in New Jersey. The closest common law tort Plaintiff could plead here is negligence by a federal employee. In order to establish negligence in New Jersey, Plaintiff must show, among other things that Defendant breached a duty of care owed to Plaintiff. *See Jersey Cent. Power & Light Co. v. Melcar Utility Co*., 59 A.2d 561, 571 (N.J. 2013). Here, Plaintiff does not state in his Complaint what duty to act the federal employees breached when the DOJ and FBI denied assistance to Plaintiff. (ECF No. 11 ¶ 36.) In fact, there are no facts pled at all aside from the agencies' initial denial to open investigations. Because Plaintiff's claim of negligence rests on "naked assertions" and mere "labels and conclusions," Plaintiff's Count One is dismissed without prejudice for failure to state a claim upon which relief can be granted as to the claim of failure to investigate. *Ashcroft,* 556 U.S. at 678; *see also* FED. R. CIV. P. §§ 8(a), 12(b)(6); *Wilson v. City of Philadelphia*, 415 F. App'x 434, 436 (3d Cir. 2011) (holding that, post-*Iqbal*, a "more exacting scrutiny" is required of civil rights complaints).

However, even if Plaintiff had pled facts enough to make out a claim on a failure to investigate theory, one of the enumerated exceptions to FTCA liability is the discretionary function exception, which excludes:

> Any claim … based upon … the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

Here, the FBI's decisions on what to investigate are discretionary in nature. *See United States v. Acorn Technology Fund LLP*, 429 F.3d 438, 445-46 (3d Cir. 2005). *Accord Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.C. Cir. 2010) ("Under 28 U.S.C. § 535(a), the FBI may investigate certain crimes involving a Government official or employee; but it is not required to investigate every complaint filed.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Piskanin v. Doe*, 349 F. App'x 689, 691 (3d Cir. 2009); *Keelen v. FBI*, 78 F. App'x 389 (5th Cir. 2003); *Gant v. F.B.I.*, 992 F. Supp. 846, 848 (S.D. W.Va. 1998); *Agunbiade v. United States*, 893 F. Supp. 160, 163 (E.D.N.Y. 1995) ("§ 535(a) provides discretionary rather than mandatory authority to the Attorney General to investigate crimes by government officials ...."). Because the decision to initiate an investigation is within the FBI's discretion, Plaintiff's "failure to investigate" claim is excepted from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2860(a). Thus, Plaintiff's Count One is dismissed without prejudice on Plaintiff's failure to investigate theory as to the DOJ employee's actions, and with prejudice as to FBI employee's actions. Therefore, the only FTCA claim remaining is that for assault and battery against Defendant United States.

B. § 1983/*Bivens* Claims Against all Defendants are Dismissed with Prejudice

Plaintiff asserts that all Defendants are all guilty of violating his rights to be free from cruel and unusual punishment pursuant to 42 U.S.C. § 1983.

To be liable within the meaning of 42 U.S.C. § 1983, a defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official of a State acting in his or her official capacity is not a "person" within the meaning of § 1983. A § 1983 claim does not apply to the United States because the United States

has not consented to be sued under § 1983. *See Brown v. Philip Morris, Inc*., 250 F.3d 789, 800 (3d Cir. 2001). *Bivens* is the federal corollary to § 1983. *See* 403 U.S. 388, 410 (1971). However, even if Plaintiff's claims were construed as arising under *Bivens*, they would still fail against the United States because "[t]he purpose of *Bivens* is to deter *individual federal officers* from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (emphasis added); *see Albert v. Yost*, 431 F. App'x 76, 81 (3d Cir. 2001) ("A *Bivens* claim can be maintained only against individual federal officers, not against a federal entity.").

Here, neither the United States nor its agencies has waived its sovereign immunity for claims brought under either § 1983 or *Bivens*. Therefore, because the United States, the DOJ, BOP, and FBI are not "persons" under either § 1983 or *Bivens*, and because the United States and its agencies have not waived sovereign immunity, Plaintiff's Count Two is dismissed with prejudice as to Defendants United States, DOJ, BOP, and FBI. *See Ferrer v. M.C.C.I*., 2013 WL 2455963, at *3 (D.N.J. June 5, 2013); *see also Murhpy-Barber v. Murray*, 91 F.3d 132 (4th Cir. 1996).

Defendants also urge the Court to dismiss Plaintiff's *Bivens* claim as to the named Defendants, Zickefoose and Anderson, because Plaintiff has failed to effect service on either federal employee. (ECF No. 23-1 at 19.) There is indeed no evidence on the docket that either Defendant Zickefoose or Defendant Anderson has been served with a summons. As to Defendant Zickefoose, this is largely immaterial as Plaintiff's Complaint alleges no personal involvement on the part of Zickefoose, and appears to name her only because of her supervisory capacity as Warden of the prison. It is well-settled that *Bivens* liability cannot be based solely on a theory of respondeat superior. *See Ashcroft*, 556 U.S. at 676. Indeed, a supervisor may be personally liable only "if he or she participated in violating the plaintiff's rights, directed others to violate them, or

7

… had knowledge of and acquiesced" to subordinates' behavior. *A.M. ex rel J.M.K. v. Luzerne Cnty Junenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Here, there is no suggestion that Defendant Zickefoose had any personal involvement in or actual knowledge of Plaintiff's treatment. Therefore, Plaintiff's *Bivens* claim against Defendant Zickefoose is dismissed without prejudice.

Lastly, Plaintiff does plead facts amounting to personal involvement and actual knowledge on the part of Defendant Anderson. Defendants argue that Plaintiff's Count Two should be dismissed as to Defendant Anderson because service on Defendant Anderson was never perfected (ECF No. 23-1 at 21-23.) Indeed, the docket is devoid of any evidence that service was perfected on Defendant Anderson, nor has Plaintiff asked the Court for an extension of time. Federal Rule of Civil Procedure 4(i)(2)(B) provides that service upon

> an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States ... is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e)….

FED.R.CIV.P. 4(i)(2)(B).

Rule 4(e) requires serving an individual within the United States personally, by leaving a copy at the person's dwelling, or by delivering a copy to an authorized agent. *See* FED.R.CIV.P. 4(e)(2). If proper service is not made within 120 days of filing the complaint, the action is subject to dismissal, without prejudice, or the court may "direct that service be effected within a specified time...." FED.R.CIV.P. 4(m).

Here, it has been far longer than 120 days since Plaintiff filed his signed complaint. Not to be deterred, Plaintiff argued to the Court that the service requirement should be waived because the individual Defendants have notice of the actions against them. (*See* ECF No. 20.)

Notice, however, is not a substitute for service. *See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993); *see also Touray v. Middlesex Cnty*, 139 F. App'x 428, 430 (3d Cir. 2005) (noting that the party asserting the validity of service bears the burden of proof on that issue). Therefore, the Court dismisses Plaintiff's Count Two as to Defendant Anderson without prejudice for failure to either perfect service of process or ask the Court for an extension of time.

C. Count Three is Dismissed with Prejudice as to All Defendants

Plaintiff's third claim, that Defendants violated the Inmate Handbook, shall be dismissed with prejudice for failure to state a claim. There is no evidence that the Inmate Handbook at issue here creates a private cause of action. Indeed, violating an agency's internal policies typically does not equate to a constitutional violation or create such a private right. *See Mercy Catholic Med. Ctr. V. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004); *Jae v. Stickman*, 2013 WL 4479009, at *3 (W.D.Pa. Aug. 19, 2013); *Whitcraft v. Township of Cherry Hill*, 974 F.Supp. 392, 398 (D.N.J.1996) (citing *Daniels v. Williams*, 474 U.S. 327, 332–33 (1986)); *Rousseau v. City of Phila.*, 589 F. Supp. 961, 970-71 (E.D.Pa. 1984). Therefore, because Plaintiff submits no evidence to rebut the presumption that violating an agency's internal policies does not create a private cause of action, Plaintiff's Count Three is dismissed with prejudice as to all Defendants.

### VI. CONCLUSION

For the foregoing reasons, Defendants' motion is granted. Plaintiff's Count One is dismissed with prejudice as to Defendants BOP, DOJ, FBI, Zickefoose and Anderson, and is proceeded against Defendant United States only on the state law tort claim of assault and battery. Plaintiff's Count Two is dismissed with prejudice as to Defendants United States, DOJ, BOP,

9

and FBI, and without prejudice as to Defendants Zickefoose and Anderson. Plaintiff's Count Three is dismissed with prejudice as to all Defendants. Thus, the only remaining claim is that of assault and battery, brought against Defendant United States pursuant to the FTCA and not raised in the instant motion.

An appropriate order will follow.

DATED:  March 31, 2016

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge