# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VINCENT McCRUDDEN, | : | |
| Plaintiff, | : | Civ. No. 14-3532 (RBK) (AMD) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

Plaintiff was formerly a federal prisoner and is proceeding with complaint pursuing civil rights claims and claims under the Federal Tort Claims Act. On March 31, 2016, this Court noted that plaintiff's Federal Tort Claims Act claim against the United States would proceed as to plaintiff's assault and battery allegations. Additionally, plaintiff's *Bivens* claims against defendants Zickefoose and Anderson were dismissed without prejudice. With respect to Zickefoose, this Court noted that it did not appear that she was ever properly served and that plaintiff had failed to state a claim upon which relief could be granted against her as a defendant. With respect to Anderson, while this Court noted that while plaintiff had pled facts amounting to personal involvement of him, plaintiff had failed to properly serve Anderson. This Court then gave plaintiff thirty days in which to file an amended complaint.

On April 28, 2016, plaintiff sought an additional thirty days in which to file an amended complaint. (*See* Dkt. No. 28) This Court granted that request on May 2, 2016. (*See* Dkt. No. 29) On June 1, 2016, this Court received a letter from plaintiff. (*See* Dkt. No. 30) In that letter, plaintiff states that he is no longer seeking to amend his complaint. However, he seeks an additional forty-five days in which to serve Anderson so that he can proceed with his *Bivens* claims against him that were previously dismissed without prejudice for failure to serve. On

August 24, 2016, this Court received another letter from plaintiff that notes that he is trying through the help of a private investigator to serve Anderson. Based on these representations, this Court will grant plaintiff's request and give him an additional forty-five days in which to serve Anderson. In light of this extension of time that plaintiff is being given to serve Anderson, this Court will vacate in part the March 31, 2016 Opinion and Order only as it relates to the dismissal of the complaint against Anderson for failure to serve.[1]

An additional procedural point requires this Court's attention as well. Plaintiff's Federal Tort Claims Act claim arising from the assault and battery against the United States remains pending. To date, the United States has not answered the complaint against it. The United States shall file an answer to this remaining claim against it on or before September 23, 2016.

Therefore, IT IS this  31st  day of August, 2016,

ORDERED that this Court's August 30, 2016 Memorandum and Order (Dkt. No. 32) is vacated in its entirety; and it is further

ORDERED that this Court's March 31, 2016 Opinion and Order (Dkt. Nos. 26 & 27) is vacated in part and only with respect to this Court's prior dismissal of the *Bivens* claims against defendant Anderson for failure to serve; and it is further

ORDERED that plaintiff's request for additional time in which to serve defendant Anderson is granted; plaintiff shall serve defendant Anderson with the summons and complaint within forty-five (45) days of the date this Order is entered; and it is further

ORDERED that defendant United States shall file an answer to the remaining claim against it in the complaint on or before September 23, 2016; and it is further

---

[1] Additionally, this Court's August 30, 2016 Memorandum and Order (Dkt. No. 32) that analyzed the issues presented in this Memorandum and Order was docketed in error and will be vacated in its entirety.

ORDERED that the Court shall serve this Order on plaintiff by regular U.S. mail.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge